LEONARD SUTTON, Executor of the Estate of Sam Sutton, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sutton v. Commissioner
Docket No. 7980-71.
United States Tax Court
T.C. Memo 1973-211; 1973 Tax Ct. Memo LEXIS 75; 32 T.C.M. (CCH) 982; T.C.M. (RIA) 73211; September 24, 1973, Filed Louis B. Fine, for the petitioner. Robert K. Dixon, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The respondent determined a deficiency in the petitioner's estate tax in the amount of $21,725.32. This proceeding was submitted 2 under Rule 30 of the Court's Rules of Practice. The issues before the Court for decision are as follows: (1) Whether the present value of the surviving spouse's right to receive *77 $400 monthly for life pursuant to the terms of a prenuptial agreement is deductible by petitioner under section 2053(a) (3) [1] as a claim against the estate. (2) Whether, in the alternative, the present value of the aforementioned right qualifies for the marital deduction allowance under section 2056. All of the facts have been stipulated by the parties. The stipulated facts and the exhibits attached thereto are incorporated herein by this reference and are adopted as our finding of fact. A summary of the pertinent facts is set forth below. Petitioner is Leonard Sutton, Executor of the Estate of Sam Sutton (hereinafter referred to as "petitioner"). The legal residence of the petitioner at the time of filing the petition herein was Norfolk, Virginia. 3 Sam Sutton (hereinafter referred to as "decedent") died on August 19, 1967, a United States citizen, and a resident of Norfolk, Virginia. He was survived by his widow, Helen S. Sutton (hereinafter referred to as "Helen") and his son, Leonard Sutton (hereinafter referred to as "Leonard"). Helen was 61 years of age at decedent's *78 death. Decedent's last will and testament was admitted to probate on August 23, 1967, in the Circuit Court of the City of Norfolk, Virginia, and letters testamentary were issued to Leonard as executor of the estate. A timely Federal estate tax return was filed on behalf of decedent's estate with the district director of internal revenue at Richmond, Virginia. Decedent and Helen were married on December 18, 1965, he being 65 years of age and she 59. Just prior thereto, however, on November 17, 1965, decedent and his wife to be entered into a prenuptial agreement which provided in pertinent part, as follows: ARTICLE I: In consideration of the provisions hereinafter contained, Helen S. Eisenson hereby waives, discharges and releases any and all right, title or interest whatsoever which she may acquire in the property, now owned or hereafter acquired, of Sam Sutton at any time hereafter by reason of the marriage. 4 ARTICLE II: In consideration of the provisions contained herein, Sam Sutton hereby waives, discharges and releases any and all right, title or interest whatsoever which he may acquire in the property, now owned or hereafter acquired, of Helen S. Eisenson at any *79 time hereafter by reason of the marriage. ARTICLE III: Each party waives, discharges and releases any and all claims and rights that he or she may acquire by reason of the marriage: (a) To share in the estate of the other party upon the latter's death by way of dower, thirds, curtesy, widow's allowance, statutory allowance or distribution in intestacy; and (b) To elect to take against the other party's last will and testament; and (c) To act as executor or administrator of the other party's estate. ARTICLE IV: (a) In the event that Sam Sutton predeceases Helen S. Eisenson, Helen S. Eisenson shall receive outright, free of any estate or inheritance taxes, the sum of Four Hundred ($400.00) Dollars per month so long as she lives (even if she marries again). (b) In the event that Helen S. Eisenson predeceases Sam Sutton, Sam Sutton shall receive outright, free of any estate or inheritance taxes, the sum of Fifty ($50.00) Dollars per month so long as he lives. * * * ARTICLE X: The consideration for this agreement is the mutual promises herein contained and the marriage about to be solemnized. If the marriage does not take place, the mutual promises shall be null and *80 void. 5 Both decedent and Helen had full knowledge of the other's personal net worth at the time the above agreement was entered into. As of such time, decedent's assets were valued at $296,946.75 while Helen's were valued at $46,450. By his last will and testament, executed June 8, 1967, decedent directed his executor to pay over to his wife, Helen, $400 per month in accordance with the terms of the November 17, 1965 prenuptial agreement. In addition, decedent bequeathed to Helen all the household furnishings and furniture contained in their home. The remainder or residue of decedent's estate was devised to his son, Leonard. No specific asset or portion of the estate was bequeathed or directed to be set aside as the source from which Helen's monthly payments were to be satisfied. Consequently, such sums were payable out of the residue of the estate. On decedent's Federal estate tax return, petitioner claimed a marital deduction under section 2056 in the amount of $80,000 representing the value of Helen's right to receive $400 monthly for life pursuant to the terms of the prenuptial agreement as 6 ratified by decedent's last will and testament. Respondent disallowed *81 such a deduction. In its petition, petitioner has also taken the position that Helen's right to receive $400 monthly for life is deductible under section 2053(a) (3) as a claim against the estate. OPINION Prior to their marriage in December of 1965, decedent and his wife to be, Helen, entered into a prenuptial agreement whereby each agreed to waive and release all marital rights that he or she might acquire in the other's property, whether presently owned or subsequently acquired, as a result of the anticipated marital union. It was also agreed that Helen should receive $400 monthly for life should she survive the decedent, and in the event decedent should survive Helen, he should receive $50 monthly for life. The decedent predeceased his wife. In his last will and testament, decedent reatified the terms of the prenuptial agreement and directed that Helen be paid $400 monthly for life pursuant thereto. 7 Petitioner contends that the actuarial cost or value of Helen's right to receive $400 monthly for life is deductible from the gross estate under section 2053(a) (3) as a claim against the estate. In the alternative, petitioner argues that the present value of such *82 right qualifies as a marital deduction under section 2056. Section 2053(a) (3) [2] allows as a deduction from the value of the gross estate all claims against the 8 estate which are allowable by the laws of the jurisdiction under which the estate is administered. Where the claim is founded on a promise or agreement, however, the allowable deduction for such claim is limited under section 2053(c) (1) (A) to the extent it was "contracted bona fide and for an adequate and full consideration in money or money's worth." *83 Section 2043(b) further provides that "a relinquishment or promised relinquishment of dower or curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration "in money or money's worth."" There is no dispute that Helen's right to receive $400 monthly for life is a claim against the estate within the meaning of section 2053(a) (3). The sole question is whether such claim was contracted for an adequate and full consideration in money or money's worth within the meaning of section 2053(c) (1) (A). 9 Petitioner argues that the requirement of "adequate and full consideration in money or money's worth" is satisfied by virtue of the fact that the present value of decedent's and Helen's annuity promises, measured as of the date of the prenuptial agreement, reflected an equal portion of their respective estates. The requirement that an allowable claim against the estate must be contracted "for an adequate and full consideration in money or money's worth" dates back in its present form to the Revenue Act of 1926. It was carried over without change in section *84 2053 of the Revenue Act of 1954. [3] The courts have long held that it is not sufficient that the claim be enforceable as a matter of state law. In order to meet the test prescribed in the statute, there must be a commensurate benefit flowing from the claimant to the decedent. See (C.A. 6, 1933). Furthermore, the consideration flowing to the decedent and the claim against the 10 decedent must be of comparable value in terms of dollars and cents. ; . The consideration for Helen's life annuity of $400 per month predicated on the prenuptial agreement fails to meet that test. Decedent received nothing of comparable value. See . In the alternative, petitioner contends that the present value of Helen's right to receive $400 monthly for life qualifies for the marital deduction under section 2056. Section 2056(a) provides that the value of the taxable estate shall, except as limited by subsections *85 (b), (c), and (d), be determined by deducting from the gross estate the value of any interest in property which passes or has 11 passed from decedent to his surviving spouse. Section 2056(b) provides, in pertinent part, as follows: (b) Limitation in the Case of Life Estate or Other Terminable Interest. - (1) General rule. - Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest - (A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse * * *; and (B) if by reason of such passing such person * * * may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; * * * Upon Helen's death, her interest will terminate and the property from which she received her annuity payments will pass to decedent's son, Leonard, for less than adequate and full *86 consideration in money or 12 money's worth. He will also have absolute ownership of such property to possess and enjoy as he pleases. It is thus clear that Helen's interest is a so-called "terminable interest" under the above provisions and as such does not qualify for the marital deduction. . In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended. ↩
2. Sec. 2053 provides, in pertinent part, as follows: SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES. (a) General Rule. - For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts - * * * (3) for claims against the estate, and * * * (c) Limitations. - (1) Limitations applicable to subsections (a) and (b). - (A) Consideration for claims. - The deduction allowed by this section in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded on a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth; * * * ↩
3. H. Rept. No. 1337, 83d Cong., 2d Sess. (1954), p. A317. ↩